UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GERBER,

Plaintiff(s),

v.

FIRST HORIZON HOME LOANS CORPORATION,

Defendant(s).

NO. C05-1554P

ORDER ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

The above-entitled Court, having received and reviewed:

1. Defendant's Motion to Dismiss Plaintiff's Amended Complaint
2. Plaintiff's Opposition to Defendant's Motion to Dismiss
3. Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss
4. Plaintiff's Surreply
5. Plaintiff's Notice of Supplemental Authority

and all exhibits and declarations attached thereto, makes the following ruling:

IT IS HEREBY ORDERED that the motion is PARTIALLY GRANTED and PARTIALLY DENIED; Plaintiff's cause of action in contract is hereby DISMISSED, while he will be permitted to proceed forward with his claims for unjust enrichment and violation of the Consumer Protection Act.

IT IS FURTHER ORDERED that Plaintiff's Surreply/Motion to Strike is DENIED.

**Background**

In May of 2003, Plaintiff took out a $228,000 mortgage loan with Defendant. Their contract included a Deed of Trust and a promissory note (collectively referred to hereinafter as "the Agreement"). The Deed of Trust contained a Notice Provision which read as follows:

> ... Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's action pursuant to this Security Instrument, until such Borrower or Lender has notified the other party. . . and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action.

Agreement, ¶ 20.

Regarding the reconveyance of the property, the Agreement also provided the following:

> Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Such person shall pay any recordation costs and the Trustee's ee for preparing the reconveyance.

Agreement, ¶ 23.

In April 2004 Plaintiff paid off the loan. Defendant prepared a "payoff statement," which included a $15 "priority fee" which was not included in the Agreement. Plaintiff paid the fee and then, 16 months later, filed this lawsuit challenging the fee. It is uncontroverted that Plaintiff did not provide Defendant with any notification prior to initiating the suit.

In September 2005, Defendant removed the case to federal court and filed a motion to dismiss the original complaint alleging (among other things) that Plaintiff had failed to satisfy the Notice Provision of the contract. On October 3, 2005, Plaintiff sent Defendant a letter purporting to comply with the Notice Provision. Shortly thereafter, Plaintiff filed an amended complaint (the subject of this motion to dismiss), alleging causes of action for breach of contract, unjust enrichment and violations of the Washington Consumer Protection Act.

**Discussion**

Breach of contract

The bulk of Defendant's briefing is taken up by its argument that Plaintiff's breach of contract action must be dismissed for failure to comply with the contractual condition precedent for filing a suit; i.e., his failure to satisfy the Notice Provision of the Agreement.

The Court finds that Plaintiff is violation of the Notice Provision. He argues that he should not be penalized for his failure to comply because it would have been a "useless act" which the law does not require (Yaw v. Walla Walla School Dist. No. 140, 106 Wn.2d 408, 412 (1986); Iverson v. Peterman, 53 Wn.2d 659, 665 (1959)); this despite Defendant's contention that, had Plaintiff notified them of his dissatisfaction, they would have refunded the fee in question. Amended Complaint, Exh. D. The "futility" argument is based on Plaintiff's contention that, had he submitted the notice in a timely fashion he would have included his demand that Defendant recompense not only him individually but also the entire putative class which he purports to represent. Defendant is correct in pointing out that Plaintiff had no standing then (or even now) as a certified class representative, so how he might have been treated in that "role" before he had even filed his suit has no relevance for purposes of this analysis.

Plaintiff's position that his post-lawsuit notice to Defendant is somehow "substantial compliance" with the provision is equally flawed. The cases which he cites in support of that argument are neither factually nor analytically similar to the circumstances in this case. If the Notice Provision has any legitimate purpose, it is to promote the resolution of contractual disputes without the expense of litigation – "compliance" after litigation has been initiated is no compliance at all.

Both sides devote considerable briefing to Plaintiff's weightiest argument: that the Notice Provision is unconscionable and therefore unenforceable. But Plaintiff, in failing to satisfy the condition precedent to bringing suit under the contract, has rendered himself ineligible to prosecute the

unconscionability of any provision of the Agreement. Washington law is clear that parties are required "to follow dispute resolving methods they have contracted to before they may resort to the courts." Yaw, 106 Wn.2d at 411; *see also* Tombs v. Northwest Airlines, Inc., 83 Wn.2d 157, 162 (1973) ("[w]here the agreement provides for a method of resolving disputes that may arise between the parties, that method must be pursued before either party can resort to the courts for relief.").

The Court therefore finds that Plaintiff has failed to state a claim in contract for which relief may be granted and on that ground dismisses his cause of action for breach of contract.

Unjust enrichment

Defendant takes the position that, under Washington law, Plaintiff's failure to comply with the Notice Provision requires dismissal of all of his claims. Def. Mtn. at 8. The Court disagrees.

Defendant argues for dismissal of the unjust enrichment claim on the grounds that Plaintiff cannot take the dual position that a valid contract exists and that he is entitled to a "quasi-contractual" remedy such as unjust enrichment, citing a federal case which interprets Washington law to prohibit a plaintiff who has affirmed the validity of a contract from prosecuting an unjust enrichment claim. Walton Tech., Inc. v. Weststar Engineering, Inc., 290 F.3d 1199, 1204 (9th Cir. 2002).

The Court finds that Walton is not directly applicable to the facts in this case, since the plaintiff in Walton was seeking compensation (unpaid equipment rental fees) via an unjust enrichment claim that it was arguably entitled to under the terms of the contract. That is not the case here, since Defendant has allegedly conditioned its performance on payments to which it is not entitled under the contract. Plaintiff's claim here is not strictly "about" the contract he acknowledges to be valid, nor is it contradictory to claim that the contract has been violated while seeking a "quasi-contractual" remedy. It cannot be said at this juncture that Plaintiff can prove no set of facts in support of this claim that would entitle him to relief on an unjust enrichment theory, and on that basis he will be allowed to proceed.

<u>Consumer Protection Act</u>

Outside of their generic (and unsupported) claim that the failure to satisfy the Notice Provision renders all Plaintiff's causes of action invalid, Defendants present no statutory or case authority and no further argument as to why Plaintiff's Consumer Protection Act claim is subject to a 12(b)(6) dismissal. The Court can find no reason why this should be so. The cause of action, which involves allegations of deceptive business practices, clearly exists independent of any contract between the parties. In the absence of further argument, there appears to be no reason why this claim should not proceed.

<u>Plaintiff's Surreply</u>

By surreply brief, Plaintiff moves to strike a series of cases which Defendant cites in its reply brief. One of the cases is an unpublished opinion which Defendant identifies as such and does not include as precedential authority but purely for whatever weight its rationale may carry. Plaintiff objects to the other cases on a "surprise attack" basis, but the cases are cited in response to the arguments and citations in Plaintiff's responsive brief and the Court will not hold Defendant responsible for somehow not anticipating Plaintiff's briefing and pre-emptively citing them in their opening papers. The motion to strike will be denied.

**Conclusion**

Plaintiff's failure to fulfill the condition precedent to legal action on the contract mandates dismissal of his breach of contract claim. The Court finds that his remaining causes of action are independent of the contract and unaffected by his failure to notify Defendant prior to filing suit and they will be permitted to go forward.

Dated: March __8__, 2006

Marsha J. Pechman
U.S. District Judge