UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GARY GERBER,

    Plaintiff,

  v.

FIRST HORIZON HOME LOANS CORPORATION,

    Defendant.

TODD SQUIRE, *et al.*,

    Plaintiffs,

  v.

FIRST HORIZON HOME LOANS CORPORATION,

    Defendant.

Case No. C05-1554L

ORDER GRANTING MOTION TO STAY AND REMOVING CASE FROM ACTIVE CASELOAD

    This matter comes before the Court on plaintiffs' motion to stay this case (Dkt. #62) until after the Supreme Court rules in <u>Wachovia Bank, N.A. v. Watters</u>, 431 F.3d 556 (6th Cir. 2005), *cert. granted*, (June 20, 2006). Oral argument was scheduled on that case on November 29, 2006.

    Defendant's defense is based primarily on its contention that plaintiffs' claims must be

ORDER GRANTING MOTION TO STAY AND
REMOVING CASE FROM ACTIVE CASELOAD - 1

dismissed in their entirety because they are preempted by regulations of the United States Treasury Department, Office of the Comptroller of the Currency ("OCC").  Plaintiff counters that the federal laws do not apply to operating subsidiaries of national banks like First Horizon Home Loans Corporation.  As in this case, one of the parties in Wachovia Bank, N.A. argued that wholly owned subsidiaries of national banks are subject to state regulation, and the relevant state laws and regulations are not preempted.  Specifically, the case presents the issue of whether the OCC exceeded its congressionally delegated authority by promulgating 12 C.F.R. § 7.4006, which expands the definition of "national bank" to include operating subsidiaries. Wachovia Bank, N.A., 431 F.3d at 559-560.  Other courts, including the Ninth Circuit, have held that preemption applies to claims against operating subsidiaries to the same extent as their parent national banks.  Therefore, the Supreme Court's opinion will offer valuable guidance.

Defendant does not oppose the motion.  Moreover, the delay in awaiting the Supreme Court's ruling is not likely to be protracted.  Finally, once the case is stayed, defendant will not incur additional expenses defending the case.  In contrast, if the Court decides the issue now in a manner that conflicts with the Supreme Court's ruling, both parties will be forced to incur additional and needless expenses.

For all of the foregoing reasons, plaintiffs' motion to stay the case (Dkt. #62) is GRANTED.  The case shall be stayed until after the Supreme Court rules in the case of Wachovia Bank, N.A. v. Watters, 431 F.3d 556 (6th Cir. 2005), *cert. granted*, (June 20, 2006).

It is hereby ORDERED that this action is stayed and shall be removed from the Court's active caseload until further application by the parties or order of this Court.  The parties shall, within fifteen days of the Supreme Court's ruling in Wachovia Bank, N.A. v. Watters, submit a joint report in this case notifying the Court of the outcome of that case and requesting that the

1 | case be reopened.

3 | DATED this 23rd day of January, 2007.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO STAY AND
REMOVING CASE FROM ACTIVE CASELOAD - 3